UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIM ANH THI DOAN, ) | |
| ) | |
| Plaintiff-Petitioner, ) | Civil Action No. |
| ) | 15-11725-IT |
| v. ) | |
| ) | |
| SUZANNE BERGERON,  et al., ) | |
| ) | |
| Defendants-Respondents. ) | |

MEMORANDUM & ORDER

TALWANI, D.J.

Presently before the court is Petitioner Kim Ahn Thi Doan's Motion to Substitute

Defendant Sean Gallagher as Habeas Corpus Respondent [#74].  For the reasons set forth below,

the motion is ALLOWED.

I.      Background

In January 2014, Doan was taken into the custody of the United States Immigration and

Customs Enforcement ("ICE").  On April 28, 2015, Doan filed a habeas corpus petition in the

United States District Court for the District of Massachusetts challenging her detention.  At the

time she filed her petition, Doan was detained in ICE custody at the Bristol County House of

Corrections ("Bristol County HOC") in Massachusetts.  Doan named Thomas Hodgson, the

Sheriff of Bristol County, as respondent for purposes of her habeas claim.  Doan also named as a

defendant Sean Gallagher, the ICE Field Office Director for the Boston area.

On October 19, 2015, Gallagher filed a Notice of Transfer [#72], which stated that

Gallagher, in his official capacity as ICE Field Office Director, scheduled Doan's "custody

transfer" from the Bristol County HOC, where she was detained in the custody of Hodgson, to the Strafford County Department of Corrections in Dover, New Hampshire.  The Notice further stated that the Stafford County Department of Corrections is "within the Boston ICE area of operations."

On October 26, 2015, Doan filed a motion to substitute Gallagher as the respondent for purposes of her habeas petition.

II.    Discussion

As a general rule, when filing a habeas petition, a petitioner must name as respondent her "immediate custodian"—that is, "the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); see also Vasquez v. Reno, 233 F.3d 688, 689 (1st Cir. 2000) (concluding that, "as a general rule," an alien detained under the immigration laws may not designate the Attorney General as the respondent to his habeas petition).  In the present case, Doan properly filed her habeas petition in the District of Massachusetts, the district of her confinement, and properly named as respondent Hodgson, the Sheriff of Bristol County.

Jurisdiction attached at the time the petition was filed and was not destroyed by ICE's subsequent transfer of Doan outside of Massachusetts.  See Padilla, 542 U.S. at 441; Ex Parte Endo, 323 U.S. 283, 306 (1944).  The Federal Defendants do not disagree.  See Notice of Transfer [#72] ("The Federal Defendants . . . will not argue that this Court is precluded by lack of *in personam* jurisdiction from reviewing [Doan's] habeas petition as a result of her transfer from Bristol to Strafford.").  In light of Doan's transfer, the court must determine the proper respondent within its jurisdiction for the habeas petition.  In Padilla, the Supreme Court reaffirmed its prior holding that "when the Government moves a habeas petitioner after she

2

properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  542 U.S. at 441 (discussing Endo, 323 U.S. at 304-306); see also Vasquez, 233 F.3d at 695 (noting that in Endo the petitioner had filed her petition in the jurisdiction in which she was being held and "that the government could not sidetrack a properly-filed habeas petition by changing the petitioner's place of detention after the court's jurisdiction had attached").

Defendants-Respondents urge the court nonetheless both "to apply the immediate custodian rule" and to keep Hodgson as the respondent.  Doan's immediate custodian is at the Strafford County Department of Corrections in New Hampshire.  See Vasquez, 233 F.3d at 691 (describing the custodian as the person having "day-to-day control over the petitioner").  There is no suggestion in the record that that person is within the court's jurisdiction.  And Hodgson is no longer Doan's immediate custodian.  Hodgson does not exercise "day-to-day control" over Doan.  Nor does Hodgson, as the Sheriff of Bristol County, have legal authority to effectuate Doan's release from ICE custody at the Strafford County Department of Corrections in Dover, New Hampshire.  Notably, Gallagher, not Hodgson, effected her transfer to New Hampshire.  As a result, neither Doan's immediate custodian in New Hampshire nor Hodgson is a proper respondent for Doan's habeas claim now that she has been transferred to the New Hampshire facility.

Gallagher, as the ICE Field Office Director for the Boston area, is within the court's jurisdiction, had the legal authority to effectuate her transfer, and has the legal authority to transfer her back or effectuate her release.  Accordingly, Gallagher is the proper habeas

respondent in this jurisdiction.

III.     Conclusion

For the above-stated reasons, Doan's <u>Motion to Substitute Defendant Sean Gallagher as Habeas Corpus Respondent</u> [#74] is ALLOWED.  Gallagher is hereby substituted for Hodgson as the habeas respondent for purposes of Count I of Doan's <u>First Amended Complaint</u> [#77].

IT IS SO ORDERED.

/s/ Indira Talwani
Date:   November 30, 2015                                    United States District Judge

4