UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIM ANH THI DOAN,

Plaintiff-Petitioner,

v.

SUZANNE BERGERON, et al.,

Defendants-Respondents.

Civil Action No. 15-11725-IT

MEMORANDUM & TEMPORARY RESTRAINING ORDER

December 3, 2015

TALWANI, D.J.

Petitioner Kim Anh Thi Doan's motion presently before the court is styled as an Emergency Motion for the Issuance of a Writ of Habeas Corpus [#15]. The court construes the motion as a request for both temporary as well as permanent relief. The court is not prepared to issue a final ruling on Doan's habeas claim at this time. For the reasons set forth herein, the court issues a temporary restraining order and will set in a separate order a hearing and briefing schedule for a preliminary injunction.

I. Discussion

In ruling on a motion for a preliminary injunction or temporary restraining order, the court must consider: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effects that the injunction or its denial would have on the public interest." Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d 7, 10 (1st Cir.

2014).

Doan's emergency motion and the underlying habeas claim assert that the United States Immigration and Customs Enforcement ("ICE") has subjected her to prolonged and indefinite detention in violation of the Due Process Clause. See First Am. Compl. ¶¶ 192-201 [#77]; Emergency Mot. for Issuance of Writ of Habeas Corpus [#15]; see also Zadvydas v. Davis, 533 U.S. 678, 690, 699 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem. . . . [O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."); Ly v. Hansen, 351 F.3d 263, 271 (6th Cir. 2003) (affirming the district court's holding that "incarceration for one and one-half years as part of a civil, nonpunitive proceeding where there was no chance of actual, final removal, was unreasonable"); Sengkeo v. Horgan, 670 F. Supp. 2d 116, 126 (D. Mass. 2009) ("To avoid a constitutional confrontation, however, this Court construes the pre-removal detention statute, 8 U.S.C. § 1226(c), to include an implicit requirement that removal proceedings, and the detention that accompanies them, be concluded within a reasonable time."); Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455, 478-79 (D. Mass. 2010) (releasing an alien from detention who had been detained for 22 months where resolution of the alien's removal proceeding was "not reasonably foreseeable").

The record is undisputed that Doan has been in ICE custody for 23 months during the pendency of her immigration proceedings. In March 2015, an Immigration Judge found Doan mentally incompetent "to participate in removal proceedings because she does not possess a rational and factual understanding of the nature and object of the proceedings and cannot meaningfully consult with her attorneys." The Immigration Judge further found that the

procedural safeguards available to and implemented by the immigration court were insufficient to afford Doan a fundamentally fair proceeding.[1] The Board of Immigration Appeals affirmed the Immigration Judge's finding of mental incompetence, but remanded for the Immigration Judge to "reassess the adequacy of safeguards, including the possibility of administrative closure in order to allow the respondent to be restored to competency and to allow her to provide details about her past experiences in Vietnam to support her CAT claim."[2] The Board stated further that ICE "should bring forward any particulars about potential treatment, including custodial treatment if she is subject to detention during the remainder of her removal proceedings" and that the Immigration Judge "should encourage the parties to work together to determine if they can agree on the parameters of a treatment plan." On remand, the Immigration Judge determined that the immigration court did not have the authority to conditionally release Doan for mental health treatment. ICE, in turn, has represented that it intends to continue to detain Doan but does not intend to provide Doan with mental health treatment reasonably calculated towards restoring her mental competence.

Respondent Sean Gallagher, the ICE Field Office Director for the Boston area, asserts that Doan may nonetheless not face prolonged and indefinite detention because, as the record presently stands, her counsel has withdrawn her CAT claim[3] and accordingly she is subject to

[1] Some of the procedural safeguards implemented by the immigration court included granting multiple continuances to allow DHS to obtain mental health records, ordering a psychological evaluation, securing pro bono counsel, granting a change of venue, declining to accept admissions and concessions from Doan, and closing the courtroom during hearings and asking simple and direct questions of Doan.
[2] A "CAT" claim is a claim seeking deferral of removal under the Convention Against Torture.
[3] Doan's counsel had moved to withdraw the CAT claim during the initial proceedings before the Immigration Judge because Doan's lack of mental competency, as well as her limited English and cognitive skills, rendered her unable to adequately communicate with her attorneys to

removal. The court finds ICE's position unpersuasive in light of the remand order specifically contemplating consideration of a CAT claim after an opportunity for competency to be restored. In light of the above, Doan has demonstrated a likelihood of success on her claim that her detention is indefinite and that removal is not reasonably foreseeable.

Moreover, Doan has demonstrated that she will likely suffer irreparable harm if a temporary restraining order is denied. Doan has set forth evidence that the Connecticut Department of Mental Health and Additional Services ("CDMHAS") has a bed currently available at its locked psychiatric facility in Connecticut, that it would be willing to accept Doan if she meets the medical criteria for civil commitment, and that it is willing to hold the bed only until December 8, 2015. Doan's counsel has indicated that a physician from CDMHAS would be available to evaluate Doan at ICE's Hartford office on Thursday or Friday, December 3 or 4, 2015, and to admit Doan into the facility if she meets the criteria for civil commitment. No party has suggested that another bed is likely to become available in the near future if Doan is not placed now, and the record presented to the court is that it has been months since the last suitable bed opened at this facility. Accordingly, it is likely that Doan would suffer irreparable harm if denied temporary relief.

ICE has not identified any hardship that it would suffer by the court's order. In light of the likely hardship to Doan if transfer is denied, the balance of hardships weighs in favor of granting Doan temporary relief.

Finally, the court finds that a temporary restraining order would serve the public interest.

---

prepare and present her application for relief. The Immigration Judge allowed the motion to withdraw the CAT claim prior to the appeal to the Board.

Because the court order requires that Doan will be transferred only if she is committed, and that ICE may use GPS monitoring as further security that she is not unsupervised, any danger to the public has been addressed.

II. Temporary Restraining Order

For the reasons set forth above, and based on the consent that Doan, through counsel, has furnished to the court,

IT IS HEREBY ORDERED that Doan be transferred to the Connecticut Department of Mental Health and Additional Services' ("CDMHAS") locked psychiatric facility for involuntary civil commitment and mental health treatment targeted towards restoring Doan to mental competence—provided that the CDMHAS physician who evaluates Doan in Hartford, CT finds that Doan meets the medical criteria for commitment and CDMHAS agrees to admit Doan into its locked facility.

IT IS FURTHER ORDERED THAT:

1. Gallagher shall direct ICE to transport Doan to ICE's Field Office in Hartford, CT by 2:00 p.m. on Friday, December 4, 2015;

2. Gallagher shall direct ICE to make Doan available by 2:00 p.m. for an evaluation by a physician from CDMHAS;

3. Counsel for Doan shall provide CDMHAS and the physician from CDMHAS with a release or releases allowing CDMHAS and the physician to share the results of the evaluation of Doan, Doan's treatment records, and any anticipated step-down of treatment with Counsel for Doan and with Gallagher;

4. Doan's counsel shall secure CDMHAS's agreement in advance of Doan's transfer

to CDMHAS that upon the CDMHAS physician executing a Physician's Emergency Certificate ("PEC") declaring that Doan meets the criteria for admission to the CDMHAS facility, CDMHAS will commit Doan to its facility, will agree to share Doan's treatment records with Gallagher and Doan's counsel, and will not release Doan from the facility without advance notice to Doan's counsel and Gallagher;

5. Provided that, following such examination, the CDMHAS physician executes a PEC declaring that Petitioner meets the criteria for admission to the CDMHAS facility and provided that Doan has secured CDMHAS's agreement as set forth in paragraph 4, Gallagher shall direct ICE to assist in transporting Petitioner to the CDMHAS facility for civil commitment on Friday, December 4, 2015 if feasible, but in all events no later than Monday, December 7, 2015.

6. Gallagher shall promptly inform the court in the event that he contends that a PEC has not been provided to him or that CDMHAS has not agreed to commit Doan to its facility, to provide medical records to him, or to provide advance notice to him before releasing Doan from its facility.

7. Doan shall remain at the secure, locked facility in Connecticut twenty-four hours per day and shall submit to the medical and therapeutic treatment plan prescribed by physicians at the facility pending further order of the court.

8. Doan shall remain under the supervision of ICE while at the CDMHAS facility. ICE may monitor Doan's location through the use of a GPS tracking device in its discretion and may monitor her treatment through review of her treatment records.

This temporary restraining order shall last fourteen days and shall expire on December 18, 2015,

at 2:00 p.m., unless extended by the court. Counsel shall notify the court if they request that the court add any additional conditions or modify any of the existing conditions in this order.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

Date: December 3, 2015, at 2:00 p.m.