UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KIM ANH THI DOAN, | * | |
| | * | |
| Plaintiff-Petitioner, | * | |
| | * | Civil Action No. 15-cv-11725-IT |
| v. | * | |
| | * | |
| SUZANNE BERGERON, et al., | * | |
| | * | |
| Defendants-Respondents. | * | |

MEMORANDUM & ORDER

September 23, 2016

TALWANI, D.J.

I.   Introduction

Kim Anh Thi Doan's Amended Complaint alleged that she was being unlawfully detained in Immigration and Customs Enforcement ("ICE") custody, and had been denied adequate medical care and involuntarily medicated. First Am. Compl. [#77]. While various motions to dismiss were pending, Doan served a subpoena on the Department of Homeland Security ("DHS"), a non-party to this action. Now before the court are DHS' Motion to Quash Subpoena [#167] and Doan's Cross-Motion to Compel Compliance with Subpoena [#172]. The motions are ALLOWED IN PART and DENIED IN PART.

II.   Discussion

   a. *Doan Properly Used a Subpoena to Seek Documents from DHS*

DHS argues that Doan may not utilize a subpoena to obtain documents from DHS as a non-party, and should instead have complied with DHS' Touhy regulations. This argument sets up a false choice.

Under 5 U.S.C. § 301, "federal agencies may promulgate regulations establishing

conditions for the disclosure of information." Puerto Rico v. United States, 490 F.3d 50, 61 (1st Cir. 2007). Such regulations are known as Touhy regulations for the Supreme Court's decision in United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951) upholding the validity of such regulations.

DHS' Touhy regulations specifically recognize, however, that a demand for information from the agency may be made by a subpoena under the Federal Rules. 6 C.F.R. §§ 5.41(a)(2), 5.43; see also Puerto Rico, 490 F.3d at 61 ("The subpoenas were 'in effect a request for information from an executive department,' and, consequently, 'the subpoena[s] are treated as an administrative demand.'") (quoting Edwards v. U.S. Dep't of Justice, 43 F.3d 312, 316 (7th Cir. 1994)). Accordingly, DHS may not simply ignore the subpoena, but instead, must follow the agency's regulations for responding "when demands for information are received." Puerto Rico, 490 F.3d at 62.

   b. *The Dispute Over DHS's Obligations in Responding to the Subpoena May Be Addressed By this Court as Part of the Pending Litigation*

DHS contends that Doan's sole recourse in addressing DHS's obligations to respond to the subpoena was to file a separate claim under the Administrative Procedure Act.

In Cabral v. U.S. Dep't of Justice, 587 F.3d 13 (1st Cir. 2009), the First Circuit heard a consolidated appeal of an underlying action and a separate challenge to the government's refusal under the Touhy regulations to produce documents. The court was silent on the issue of whether the actions needed to have proceeded separately in the district court, as the district court had suggested. But, that the appeals were consolidated suggests, as a practical matter, an efficiency in considering the challenge to the government's production of documents in the same federal action for which the documents are sought. The majority of courts explicitly addressing the issue have held that no separate action is required. See U.S. EPA v. Gen. Elec. Co., 197 F.3d 592, 599

2

(2d Cir. 1999) (opinion amended on rehearing as to separate issue) ("the district court erred in deciding that the action referred to in [the APA] is a lawsuit, an independent, self-sufficient, legal proceeding commenced by a plaintiff's filing a complaint. . . . In our view, the APA allows the enforcement of a non-party subpoena duces tecum for discovery against the government through a motion to compel compliance") (internal quotations omitted); Ceroni v. 4Front Engineered Solutions, Inc., 793 F. Supp. 2d 1268, 1277 (D. Col. 2011) ("[W]here as here there is an underlying federal action and the subpoenas in dispute were issued in connection with that underlying action, the defendant is not required to file a separate an ancillary APA lawsuit to resolve the discovery dispute"); Barnett v. Ill. State Bd., No. 02-C-2401, 2002 WL 1560013, at *1 (N.D. Ill. July 2, 2002) ("[A] motion to compel directed against the [non-party] Department does the job of bringing the APA 'action,' 5 U.S.C. § 703, before the court equally as well as, if not better than, a separate APA claim against the Department").

Considering the dispute regarding the subpoena in the instant action, rather than requiring Doan to file a separate action, is also appropriate where DHS brought the dispute before the court in the first instance with its motion to quash, and Doan filed its cross-motion to compel together with its opposition to DHS' motion to quash. Moreover, under Local Rule 40.1(g), any separate action would, in any event, be assigned to this court as a related case.

Accordingly, little purpose other than delay would be served by requiring Doan to file a new action, and no separate action is required here.

    c.  *The Controversy Before the Court is Now Ripe*

DHS asserts that Doan's motion to compel was premature when filed, and became moot after DHS filed its final response to the subpoena. While DHS and Doan each acted prematurely in requesting relief from the court, the issue is now ripe for judicial review.

The subpoena compelled production of documents on February 25, 2016. Pl's Cross-Mot.

Compel Ex. O [#172-15]. The day prior to the date for compliance, a DHS attorney wrote to Doan's counsel stating that Doan's subpoena did not comply with DHS' regulations. That letter did not purport to be a final agency decision, however, and it invited Doan to remedy the deficiencies with a "more detailed explanation of the expected information…and its relevance to the legal proceeding." Pl.'s Cross-Mot. Compel Ex. R. [#172-18].

DHS' regulations direct that where a response is required before a decision is rendered, DHS will ask that the Department of Justice or Department attorney "take appropriate steps to stay, postpone, or obtain relief from the demand *pending decision*," including "request[ing] the court . . . to stay the demand" pending the final decision. 6 C.F.R. § 5.46. Instead, despite inviting Doan to provide a more detailed explanation of the information sought, less than two hours later DHS sought a court order quashing the subpoena altogether. DHS Mot. Quash [#167].

Two days later, Doan's counsel sent a letter supplementing the subpoena. Pl.'s Mot. Compel Ex. S [#172-19]. DHS did not immediately respond to the supplemental letter, and Doan, in turn, moved to compel, Pl.'s Cross-Mot. Compel [#172], when her opposition to the motion to quash was due and before she had received the final agency action. As DHS points out, when filed, the motion to compel was thus premature.

The next day, however, DHS sent a response letter indicating that it would "not produce the requested documents." DHS Opp'n Cross-Mot. Compel Ex. 1 [#177-1] ("Final Action Letter").

Although DHS' motion to quash should have been styled a motion to stay to allow the agency an opportunity to respond to Doan, and Doan's motion to compel, filed one day before DHS issued its Final Action Letter, was premature, both motions are now ripe. DHS has issued

4

its Final Action Letter refusing to produce any documents, and DHS and Doan subsequently engaged in further briefing on Doan's motion to compel. See DHS Opp'n Cross-Mot. Compel [#177]; Doan's Reply Mem. Supp. Cross-Motion Compel [#180]. No purpose would be served in requiring Doan to refile her motion to compel.

> d. The Subpoena is Not Premature

DHS argues that Doan's subpoena against DHS was premature because of pending dispositive motions. The court has previously rejected a similar argument raised by a party defendant. See Order [#199] denying Defendant Gallagher's Motion for Stay of Discovery and for Protective Order Pending Ruling on Motion to Dismiss [#168]. In any event, at this juncture, DHS's objection is moot as the pending motions to dismiss have now been addressed. That said, if any requests were directed only to a claim that has now been dismissed, Doan should withdraw them at this time.

> e. DHS's Objection that Doan's Initial Subpoena Did Not State the Relevance of the Documents is Moot in Light of Doan's Supplemental Letter

DHS' motion to quash asserted that Doan had failed to state the relevance of the requested documents. After receiving DHS' letter requesting additional information, however, Doan's counsel provided supplemental information as to the relevance of the requested information. Pl.'s Cross-Mot. Compel Ex. S [#172-19]. While DHS continues to assert that the subpoena is overbroad and burdensome, it has not continued to assert that Doan failed to state the relevance of the requested documents. Accordingly, the court concludes that this objection is moot.

> f. DHS's Objections that the Requests are Overbroad and Burdensome Do Not Justify Refusing to Produce All Documents

In its Final Action Letter, DHS takes the position that it may refuse to produce any documents where it concludes that the document request seeks both relevant and irrelevant

documents and is thus overbroad. See e.g., Final Action Letter 3 [#177-1] (Response to Paragraph 13 ("The request is overbroad as all documents produced would not be relevant.")). DHS asserts further that Doan should seek documents through a FOIA request, rather than through a subpoena. Id. at 3.

Touhy regulations "do not create a substantive entitlement to withhold information," but they do "set forth administrative procedures to be followed when demands for information are received." Puerto Rico, 490 F.3d at 61-62. Following those procedures, DHS may consider "[w]hether . . . compliance would be unduly burdensome or otherwise inappropriate under the applicable rules of discovery or the rules of procedure governing the case or matter in which the demand arose," but must also consider other factors, including "[w]hether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information." 6 C.F.R. § 5.48(1)-(2). To the extent that information is relevant, and not unduly burdensome to produce, DHS is acting arbitrarily in refusing to produce even the concededly relevant information. Instead, DHS must produce relevant, non-burdensome documents, even if objecting to other documents as irrelevant. The court finds instructive in this regard the requirements of Federal Rule of Civil Procedure 34, though not directly applicable here, that requires a party objecting to part of a request to specify that part and permit inspection of the rest.

Notably, DHS does contend that it is willing "to produce a manageable amount of relevant material without impinging on relevant privileges, protections, or the privacy interests of individuals" as part of informal negotiations with Plaintiff's counsel to resolve the matter. See Final Action Letter 5 [#177-1]. Such uncontroversial documents should be produced, even if other matters remain in dispute. Once those documents are produced, any further disputes may

be addressed by motion.

III. Conclusion

For the reasons stated above, the Department of Homeland Security's ("DHS") Motion to Quash Subpoena [#167] and Kim Anh Thi Doan's Cross-Motion to Compel Compliance with Subpoena [#172] are ALLOWED IN PART and DENIED IN PART as follows:

Within two weeks of this order, counsel for Doan shall advise counsel for DHS if Doan is withdrawing any of her document requests in light of the court's orders on the motions to dismiss. Within two weeks thereafter, DHS shall produce those documents it concedes are relevant and non-privileged and which may be produced without an undue burden. This order is without prejudice to a renewed motion to compel, as necessary.

IT IS SO ORDERED.

September 23, 2016 /s/ Indira Talwani
United States District Judge